FILED
2010 Apr-13  AM 11:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION AFL-CIO-CLC, INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 320 AND THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS, LOCAL 1209, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Civil Action No. 3:09-CV-678-CLS |
| WISE ALLOYS, LLC, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND FINAL JUDGMENT

Plaintiffs — *i.e.,* the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union AFL-CIO-CLC; the International Union of Operating Engineers, Local 320; and the United Brotherhood of Carpenters and Joiners, Local 1209 (collectively, "the Unions" or "plaintiffs") — filed suit against Wise Alloys, LLC ("Wise Alloys" or "defendant"), asserting a breach of contract in violation of § 301 of the Labor Management

Relations Act ("LMRA"), 29 U.S.C. § 185.[1]  The case currently is before the court on plaintiffs' motion for summary judgment.[2]  Upon consideration of the motion, the pleadings, the parties' briefs, and the evidentiary submissions, the court concludes the motion is due to be granted, and judgment is due to be entered in plaintiffs' favor.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In other words, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment."  *Chapman*

---

[1]*See* doc. no. 1 (Complaint).  29 U.S.C. § 185(a) provides:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United Sates having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

[2]Doc. no. 31.

*v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)).  Inferences in favor of the non-moving party are not unqualified, however.  "[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence, but is pure conjecture and speculation."  *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1983).  Moreover,

> [t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is *material* to an issue affecting the outcome of the case.  The relevant rules of substantive law dictate the materiality of a disputed fact.  A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman*, 229 F.3d at 1023 (quoting *Haves*, 52 F.3d at 921) (emphasis supplied).

*See also Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 251-52 (1986) (asking "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").

## II. DISCUSSION

Plaintiffs and defendant are parties to a series of collective bargaining agreements ("CBAs"), each of which contains the following language addressing quarterly cost of living adjustments ("COLAs") for employees of Wise Alloys:

> **Section  2**   Cost of Living Adjustment: Effective on each adjustment date, a cost-of-living-adjustment will be made to the current

cost of living allowance.  The cost of living allowance will be equal to 1¢ per hour for each full 0.3 of a point change in the Consumer Price Index calculation.

      **Section 3**  Effective on each adjustment date, the cost-of-living allowance as determined above shall be applied exclusively to offset health insurance costs for hourly-rated employees.  The cost-of-living adjustments under this paragraph shall not be applied to employees' hourly wage rates.[3]

Plaintiffs and defendant disagreed about how these contractual provisions should be interpreted.  When a COLA of eight cents was approved, Wise Alloys thought the offset should be applied on a *weekly* basis, and it consequently reduced employees' weekly health insurance premiums by eight cents, from $20.00 to $19.92.[4]  The Unions, on the other hand, maintained that the offset should be calculated on an *hourly* basis, and that the employees' weekly share of health insurance premiums should be reduced by eight cents for each hour of a forty-hour work week, or by $3.20 per week.[5]

Because Wise Alloys refused to adopt the Unions' interpretation, the Unions filed grievances under the CBAs.[6]  The disputes proceeded to arbitration pursuant to

---

[3]Complaint, at ¶¶ 9-10.  *See also* doc. no. 6 (Answer), at ¶¶ 9-10 (admitting these portions of ¶¶ 9-10 of the Complaint).

[4]Complaint, at ¶¶ 11-12.  *See also* Answer, at ¶¶ 11-12 (admitting the allegations of ¶¶ 11-12 of the Complaint).

[5]Complaint, at ¶ 13.  *See also* Answer, at ¶ 13  (admitting this allegations of ¶ 13 of the Complaint).

[6]Complaint, at ¶ 14.  *See also* Answer, at ¶ 14 (admitting the allegations of ¶ 14 of the Complaint).

the terms of the CBAs, which called for final and binding arbitration of unresolved grievances.[7]  The arbitrator held a hearing on July 23, 2008, and rendered a written decision on November 21, 2008, interpreting Sections 2 and 3 of the CBAs to mean that "all employees regardless of the number of hours worked are entitled to receive cost of living adjustment [sic] equal to $0.08 per hour to offset health insurance costs."[8]  The arbitrator consequently ordered Wise Alloys to adjust the weekly health care premiums to reflect a $3.20 offset for the COLA increase.  Wise Alloys refused to comply.[9]

Plaintiffs argue that the arbitrator's award is final and binding, and that they consequently are entitled to summary judgment on their breach of contract claim.  As relief for that claim, plaintiffs requested the following:

> an Order requiring Wise Alloys to (1) comply with the arbitrator's award and honor the terms of the award on a prospective basis, (2) rescind any actions taken to undermine or narrow the scope of the relief awarded by [the arbitrator] and return to the status quo *ante,* (3) pay interest on the amounts owed under the award, (4) pay Plaintiffs a reasonable attorney's fee and costs associated with this litigation and (5) any other legal or equitable relief the Court deems appropriate to remedy the alleged violations, including but not limited to, any relief that Plaintiffs may subsequently suggest is necessary to fully implement [the arbitrator's]

---

[7]Complaint, at ¶¶ 14-15.  *See also* Answer, at ¶¶ 14-15 (admitting the allegations of ¶¶ 14-15 of the Complaint).

[8]Complaint, at ¶ 17.  *See also* Answer, at ¶ 17 (admitting the allegations of ¶ 17 of the Complaint).

[9]Complaint, at ¶¶ 18-19.  *See also* Answer, at ¶¶ 18-19 (admitting the allegations of ¶¶ 18-19 of the Complaint).

award.[10]

General principles regarding review of arbitrator awards under the LMRA support plaintiffs' argument.   An arbitrator's authority to interpret a collective bargaining agreement is "broad," and the scope of a district court's review of an arbitrator's decision, consequently, is "'exceedingly narrow.'" *Bakery, Confectionery and Tobacco Workers Local Union No. 362-T, AFL-CIO-CLC v. Brown and Williamson Tobacco Corp.,* 971 F.2d 652, 655 (11th Cir. 1992) (quoting *Loveless v. Eastern Airlines, Inc.,* 681 F.2d 1272, 1275 (11th Cir. 1982)).   Thus, it generally is not the court's "role to review the merits of the arbitrator's interpretation" of a collective bargaining agreement. *IMC-Agrico Co. v. International Chemical Workers Council of the United Food and Commercial Workers Union, AFL-CIO,* 171 F.3d 1322, 1326 (11th Cir. 1999).

Defendant offers only one argument against enforcement of the arbitrator's decision:  *i.e.,* that the award was procured through fraud and, therefore, it does not reflect the essence of the parties' agreement. *See Barrington v. Lockheed Martin,* 257 Fed. Appx. 153, 155 (11th Cir. 2007) (holding that, despite the generally narrow scope of review of arbitration awards, a court can review an award to determine if the award "fails to draw its essence from the collective bargaining agreement").   The

---

[10]Complaint, at ¶ 24.

court has already held that defendant is time-barred from asserting those arguments because defendant did not raise the arguments within three months of the date of the arbitrator's decision.[11]  To the extent defendant is asking the court to reconsider that decision, the court declines to do so.

In summary, the arbitrator's decision is due to be enforced, and plaintiffs are entitled to summary judgment in their favor on the relief requested in their complaint. The terms of that judgment will be set out in more detail below.

### III. ATTORNEY'S FEES

Plaintiffs also argue that defendant should be required to pay their attorney's fees, along with interest, for forcing plaintiffs to bring this action to enforce the arbitration award.  The Eleventh Circuit has been critical of parties' unfounded and unnecessary attempts to challenge arbitrators' decisions in the federal courts, and has suggested that sanctions may be appropriate for parties who bring such challenges.

> In litigating this case without good basis through the district court and now through this Court, Harbert has deprived Hercules and the judicial system itself of the principal benefits of arbitration. Instead of costing less, the resolution of this dispute has cost more than it would have had there been no arbitration agreement. Instead of being decided sooner, it has taken longer than it would have to decide the matter without arbitration. Instead of being resolved outside the courts, this dispute has required the time and effort of the district court and this Court.

---

[11]*See* doc. no. 30 (memorandum opinion and order on defendant's motion to compel discovery).

When a party who loses an arbitration award assumes a never-say-die attitude and drags the dispute through the court system without an objectively reasonable belief it will prevail, the promise of arbitration is broken. Arbitration's allure is dependent upon the arbitrator being the last decision maker in all but the most unusual cases. The more cases there are, like this one, in which the arbitrator is only the first stop along the way, the less arbitration there will be. If arbitration is to be a meaningful alternative to litigation, the parties must be able to trust that the arbitrator's decision will be honored sooner instead of later.

Courts cannot prevent parties from trying to convert arbitration losses into court victories, but it may be that we can and should insist that if a party on the short end of an arbitration award attacks that award in court without any real legal basis for doing so, that party should pay sanctions. A realistic threat of sanctions may discourage baseless litigation over arbitration awards and help fulfill the purposes of the pro-arbitration policy contained in the FAA. It is an idea worth considering.

*B.L. Harbert International, LLC v. Hercules Steel Co.,* 441 F.3d 905, 913-14 (11th Cir. 2006). The Eleventh Circuit in *Harbert* went on to find that the imposition of sanctions was not warranted in that case, primarily due to the lack of any prior case law to place the parties on notice that sanctions would be available in such a situation. *Id.* at 914. The Eleventh Circuit has not since addressed the issue, but district courts within the Eleventh Circuit have relied upon *Harbert* to determine whether sanctions should have been imposed upon parties who brought baseless challenges to arbitration awards. *See, e.g., Deitchman v. Bear Stearns Securities Corp.,* No. 07-60465-CIV, 2007 WL 4592238, *7 (S.D. Fla. Dec. 28, 2007); *Reuter v. Merrill*

*Lynch, Pierce, Fenner & Smith, Inc.,* 440 F. Supp. 2d 1256, 1265-66 (N.D. Ala. 2006).

Even considering the Eleventh Circuit's statements about sanctions in *Harbert* to be the definitive law of the Circuit on the matter, this court does not find that sanctions are warranted in this case. The court cannot conclude that defendant had no "objectively reasonable belief" that its challenge to the arbitrator's decision would prevail, or that it lacked any "real legal basis" for the challenge. The arguments defendant raised in support of its defense were colorable, just not ultimately persuasive or successful. As such, plaintiffs are not entitled to receive an award of attorney's fees. As set forth below, however, the court concludes it would be just for defendant to pay the actual costs (*i.e.,* filing fee, transcription costs, etc) incurred by plaintiffs in bringing this action.

## IV. CONCLUSION AND FINAL JUDGMENT

In accordance with the foregoing, plaintiffs' motion for summary judgment is GRANTED. It is hereby ORDERED as follows:

1.      Judgment is entered in favor of plaintiffs — the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union AFL-CIO-CLC; the International Union of Operating Engineers, Local 320; and the United Brotherhood of Carpenters and Joiners, Local 1209 — and

against defendant Wise Alloys, LLC.

2.      Wise Alloys must comply with the November 21, 2008 decision of arbitrator Allen D. Schwartz, and must honor all terms of that decision on a prospective basis.

3.      Wise Alloys must rescind any actions taken to undermine or narrow the scope of the relief awarded by arbitrator Allen D. Schwartz on November 21, 2008.

4.      Wise Alloys must pay interest on any amounts owed under the November 21, 2008 decision of arbitrator Allen D. Schwartz.

5.      Costs incurred in filing this action (*not* including attorney's fees) are taxed to defendant.

6.      The Clerk of Court is directed to close this file.

DONE and ORDERED this 13th day of April, 2010.

_____
United States District Judge

-10-