FILED
 2010 May-27  PM 02:42
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### NORTHWESTERN DIVISION

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION AFL-CIO-CLC, INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 320 AND THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS, LOCAL 1209,<br><br>    Plaintiffs,<br><br>vs.<br><br>WISE ALLOYS, LLC,<br><br>    Defendant. | Civil Action No. 3:09-CV-678-CLS |

## MEMORANDUM OPINION AND ORDER

This case is before the court on defendant's motion to stay the Final Judgment entered on April 13, 2010, pending appeal,[1] and defendant's motion to strike plaintiffs' sur-reply to defendant's reply to plaintiffs' response to defendant's motion to stay.[2]

As an initial matter, the only basis for defendant's motion to strike is that

---

[1] Doc. no. 39.  The April 13 Final Judgment is doc. no. 37.

[2] Doc. no. 47.  The pleading defendant seeks to strike is doc. no. 46.

plaintiffs' sur-reply was filed without leave of court. Defendant is correct that plaintiffs did not request leave of court before filing their sur-reply, but that fact does not necessitate striking the pleading, especially considering that the court finds the arguments asserted in plaintiff's sur-reply to be helpful in deciding the motion to stay. Accordingly, the motion to strike is DENIED.

With regard to defendant's motion to stay, plaintiffs do not oppose a stay of the portion of the judgment pertaining to the payment of past due amounts. Indeed, such a stay is contemplated by Federal Rule of Civil Procedure 62(d), which provides that, "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d).

Plaintiffs do, however, contest the amount of the supersedeas bond defendant offers to post. Defendant has offered a bond of $250,000, which it claims is more than adequate, given that it believes the total amount due under this court's Final Judgment is $197,030.68.[3] Plaintiffs dispute that a $250,000 bond is adequate, and instead suggest that bond should be posted in the minimum amount of $603,259.[4]

Resolving the parties' dispute over the proper amount of the bond would

---

[3] *See* doc. no. 39, at Exhibit A (Bond).
[4] *See* doc. no. 46, at 3.

require the court to answer questions that were not addressed by the underlying arbitration award, such as whether cost-of-living adjustments carry over each year, which employees should be included in the scope of the award, and the date on which retroactive application of the award should begin.  Essentially, the court would be required to place a dollar value on the injunctive relief ordered in the Final Judgment. As an initial matter, the court is not convinced that it is appropriate for those issues to be resolved in the first instance in a judicial forum, rather than in an arbitral forum. Even if judicial review of those issues was appropriate, however, it would be premature at this time, because the validity of the arbitrator's decision is being questioned on appeal.  Therefore, the court will not conduct an in-depth analysis of the parties' arguments regarding the amount of the bond, and it will not allow the parties to use the bond dispute to force a decision about the amount of the Final Judgment before that judgment is reviewed on appeal.

The only issue that must be resolved at this point is how much bond is necessary to protect plaintiffs' interests if the judgment of this court is upheld on appeal. Plaintiffs concede that $603,259 would be an adequate amount. Accordingly, it is ORDERED that defendant's motion to stay the April 13, 2010 Final Judgment pending appeal is GRANTED, insofar as the judgment addresses compensation for past injuries.  Defendant shall post a supersedeas bond in at least the amount of

$603,259. Upon defendant's posting of a satisfactory bond, the judgment entered on April 13, 2010 shall be stayed until the date on which mandate is entered by the Eleventh Circuit on appeal.

Plaintiffs also argue that the portion of the Final Judgment awarding prospective relief[5] should not be stayed, because defendant has not satisfied all the requirements of Federal Rule of Civil Procedure 62(c). That rule provides that, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). The Eleventh Circuit has held that a court evaluating whether to grant a stay of a non-money judgment should consider:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Venus Lines Agency v. CVG Industria Venezolana De Aluminio, C.A.*, 210 F.3d 1309, 1313-14 (11th Cir. 2000) (quoting *United States v. United States Fishing Vessel Maylin*, 130 F.R.D. 684, 686 (S.D.Fla.1990) (in turn quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987))). Defendant has not offered any argument on any of these

---

[5] *See* doc. no. 37, at 10 ("Wise Alloys must comply with the November 21, 2008 decision of arbitrator Allen D. Schwartz, and must honor all terms of that decision on a prospective basis.").

elements. Consequently, the court concludes that defendant has not satisfied its burden of showing that a stay of the *prospective* relief addressed in the April 13, 2010 Final Judgment is appropriate. Accordingly, defendant's motion to stay is DENIED insofar as it addresses the *prospective* relief granted in this court's April 13, 2010 Final Judgment.

DONE this 27th day of May, 2010.

_____
United States District Judge